ANTHONY DECRISTOFORO, SBN 166171
anthony.decritoforo@ogletree.com
ERIC F. DELLA SANTA, SBN 310458
eric.dellasanta@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 Capitol Mall, Suite 2800
Sacramento, CA  95814
Telephone:      916-840-3150
Facsimile:      916-840-3159

Attorneys for
SAFELITE FULFILLMENT, INC. (erroneously
sued as SAFELITE FULFILLMENT INC.)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORAZON FRANCE, an individual;<br><br>                    Plaintiff,<br><br>          vs.<br><br>SAFELITE FULFILLMENT INC., an organization; STEVEN OLIVER, an individual; and DOES 1 through 20;<br><br>                    Defendants. | Case No. _____<br><br>**DEFENDANT SAFELITE FULFILLMENT, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332 (DIVERSITY JURISDICTION)**<br><br>[Filed concurrently with Civil Case Cover Sheet; Certification of Conflicts and Interested Entities or Persons; and Corporate Disclosure Statement]<br><br>Action Filed:          April 23, 2024<br>Trial Date:            None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF CORAZON FRANCE AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT DEFENDANT SAFELITE FULFILLMENT, INC.** ("Defendant"), by and through its undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California pursuant to United States Code, Title 28, Sections 1332, 1441(b), and 1446.  Defendant removes this action on the grounds that: (a) there is

1

complete diversity of citizenship between Plaintiff CORAZON FRANCE ("Plaintiff"), a citizen of the State of California, Defendant Safelite, a citizen of the States of Ohio and Delaware, and Defendant Steven Oliver ("Oliver"), a citizen of the State of Texas; (b) the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in Section 1332(a); and (c) the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as is more fully set forth below.

## I.      THE STATE COURT ACTION

1.      On or about April 23, 2024, Plaintiff filed an action entitled "*Corazon France v. Safelite Fulfillment Inc.*" in Alameda County Superior Court, Case Number 24CV072815 (the "Complaint").  Plaintiff's Complaint alleges seven causes of action, including: (1) Disability Discrimination (Gov. Code, § 12900, *et seq*.); (2) Retaliation for Engaging in a Protected Activity (Gov. Code, § 12900, *et seq*.); (3) Failure to Prevent Discrimination, Harassment, or Retaliation (Gov. Code, § 12900, *et seq*.); (4) Harassment (Gov. Code, § 12940(j)); (5) Whistleblower Retaliation (Lab. Code, § 1102.5); (6) Non-Compliant Wage Statements (Lab. Code, § 226(a)); and (7) Wrongful Termination. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.      On or about May 7, 2024, Plaintiff served Defendant with a copy of the Summons, Complaint, and Civil Case Cover Sheet through its statutory agent, CSC.  A true and correct copy of the Summons, Complaint, and Civil Case Cover Sheet are attached hereto as **Exhibit B**.

3.      The above documents constitute all known pleadings, processes, and/or other documents received by Defendant or otherwise filed in this action to date.

4.      Plaintiff has not yet served Steven Oliver, who is also a named Defendant in this action, with a copy of the Summons, Complaint, or Civil Case Cover Sheet. Oliver nevertheless does not object to removal. Declaration of Steven Oliver ("Oliver Decl."), ¶ 2.

5.      Plaintiff has not identified any of the fictitiously sued "Doe" defendants at this time.

6.      As noted more fully below, Defendant will provide prompt written notice of this Notice of Removal to Plaintiff and the Clerk of the Alameda County Superior Court pursuant to 28 U.S.C. section 1446(d).

2

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332

## II.    TIMELINESS OF REMOVAL

7.    A defendant in a civil action has thirty days from the date it is validly served with a summons and complaint to remove the action to federal court.  28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that a Defendants' time to remove is triggered by formal service of the summons and complaint).

8.    As previously noted, Plaintiff served Defendant with a copy of the Summons, Complaint, and Civil Case Cover Sheet through its statutory agent, CSC, on May 7, 2024. This filing is made within 30 days of that service. As such, this removal is timely.

## III.    GROUNDS FOR DIVERSITY JURISDICTION – 28 U.S.C. §§ 1332 AND 1441

9.    Pursuant to 28 U.S.C. section 1332, district courts have original jurisdiction of all civil actions where the mater in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. section 1441(a).

10.    Under Section 1446(a), a defendant seeking to remove a case to federal court need only file a "notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014); 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* at 87. "A statement 'short and plain' need not contain evidentiary submissions." *Id.* at 84.

11.    Defendant removes this civil action on the grounds that the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states such that complete diversity exists. Plaintiff's action was filed in the Alameda County Superior

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332

Court, which is located within the jurisdiction of the United States District Court for the Northern District of California. Therefore, Defendant's removal to this Court is proper.

### A.    Diversity of Citizenship Between the Parties

#### 1.    Plaintiff is a Citizen of California

12.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residency is *prima facie* evidence of one's domicile. *State Farm Mut. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

13.    As set forth in the Complaint, Plaintiff was employed by Defendant in, and is a resident of, the County of Alameda in the State of California. Exhibit A, Complaint, ¶ 1. As such, Plaintiff is domiciled in and for purposes of diversity jurisdiction is a citizen of the State of California.

#### 2.    Defendant is a Citizen of Delaware and Ohio

14.    "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). For the purpose of determining diversity jurisdiction, the Supreme Court has held that a corporation's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). "It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters— provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id*. at 93.

15.    Defendant is presently, and at the time of the filing of this action was, a corporation incorporated under the laws of the State of Delaware, with its principle place of business in the State of Ohio. Declaration of Cynthia Elliot in Support of Defendant's Notice of Removal, ¶ 2. Accordingly, for the purposes of removal, Defendant is a citizen of the State of Delaware and the

State of Ohio. Defendant is not, and at the time that Plaintiff filed this action, was not, a citizen of the State of California.

### 3.    Oliver is a Citizen of Texas

16.    Steven Oliver is, and at the time of the filing of this action was, domiciled in the State of Texas. (Oliver Decl., ¶ 3.) Accordingly, Oliver is a citizen of the State of Texas.

### 4.    Doe Defendants are Irrelevant

17.    "In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. 1441(b)(1); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (holding that, in determining whether diversity of citizenship exists, only the named defendants are considered). As a result, Plaintiff's inclusion of "Does 1 through 20" in the Complaint is irrelevant for the purposes of removal.

### 5.    Complete Diversity Exists

18.    As set forth above, Plaintiff is a citizen of California, while Defendant is a citizen of Delaware and Ohio, and Oliver is a citizen of Texas. Complete diversity therefore exists amongst the parties.

### B.    The Amount in Controversy

19.    Pursuant to 28 U.S.C. section 1332(a), in order for district courts to exercise diversity jurisdiction over a civil action, there must be an amount in controversy that exceeds $75,000, exclusive of interests and costs. However, defendants are not required to provide evidence supporting the Notice of Removal to prove this jurisdictional minimum is met. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[As] specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations.").

20.    Notwithstanding the above, a defendant is permitted to submit evidence in support of the removal petition, which may be considered by the Court, in appropriate circumstances, in determining diversity jurisdiction. *See, e.g.*, *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332

Cir. 2004) ("[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."). To meet its relatively low burden regarding the amount in controversy, a defendant may rely on the plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *Rippee v. Bos. Mkt, Corp.*, 408 F. Supp. 2d 989, 986 (S.D. Cal. 2005) (allowing the use of "Defendant's own numbers" for "purposes of analyzing the amount in controversy"). In determining whether the jurisdictional minimum is met, the Court must consider all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorney's fees. *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 155-56 (9th Cir. 1998); *Davenport v. Mutual Ben. Health Acc. Ass'n.*, 325 F.2d 785, 787 (9th Cir. 1963).

21.     Removal is proper if from the allegations of the complaint and the notice of removal, it is more likely than not that the value of Plaintiffs' claims exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

22.     While Defendant denies any and all liability to Plaintiff, based on a conservative good faith estimate of the value of the alleged damages in this action, the amount in controversy in this case well exceeds $75,000, exclusive of interest and costs.

### 1.     Economic Compensatory Damages

23.     Plaintiff alleges that as a result of Defendant's action, she suffered and continues to suffer, economic compensatory damages in the form of lost of past and future earnings and benefits. Exhibit A, Complaint, ¶¶ 37, 43, 49, 58, 64; Prayer ¶ 1.

24.     Plaintiff alleges that she was released from employment on May 30, 2023. According to Defendants' corporate employment records, at the time of her release, Plaintiff earned a salary of approximately $110,000 annually. Declaration of Daryhl Pisano in Support of Defendant's Notice of Removal, ¶ 2. This does not include the benefits that Plaintiff was entitled to through her employment with Defendant. Plaintiff did not make any allegations regarding whether or when she

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332

sought alternative employment and/or whether and when she effectively mitigated her damages. See Exhibit A, Complaint, passim. As such, it is reasonable to project that Plaintiff seeks lost wages from May 30, 2023, through trial.

25. According to the December 31, 2023 Judicial Caseload Profile for all United States District Courts, the median time from filing to trial for the Northern District of California is 48 months, or approximately four years. Declaration of Eric F. Della Santa in Support of Defendant's Notice of Removal, ("Della Santa Decl.") ¶ 2, Ex. C (Judicial Case Load Profile).

26. Conservatively forecasting this case to proceed to trial within just three (3) years of filing (April 2027) would mean that, if she established liability, Plaintiff's lost wages alone could total approximately $440,000.00. As such, Plaintiff's claimed lost wages alone, not even including benefits, meet the necessary jurisdictional threshold for the amount in controversy.

### 2. Emotional Distress Damages

27. In addition to lost wages, Plaintiff allegedly suffered "emotional injuries" the amount of which "will be ascertained at the time of trial." Exhibit A, Complaint, ¶¶ 37, 43, 49, 58, 64, 73; Prayer ¶ 1. Plaintiff's claims for emotional distress damages adds thousands of dollars to the amount in controversy. A review of jury verdicts in California demonstrates that emotional distress awards in leave retaliation cases commonly exceed $75,000. *See McCray v. Westrock Servs. LLC*, 2023 WL 6572683 (C.D. Cal. August 24, 2023) (award of $2,500,000 for pain and suffering to employee terminated based on disability leave and retaliation); *Sosa v. Comerica Bank et al.*, 2023 WL 8642072 (Los Angeles County Superior Court, No. BC675252) (award of $13,000,000 in pain and suffering to employee terminated based on discrimination and retaliation in violation of FEHA, including CFRA retaliation); *Yosifi v. The Regents of the University of California*, Los Angeles County Superior Court, No. BC724191, (December 5, 2023) (award of $5,000,000 for pain and suffering to employee terminated based on disability discrimination and retaliation); *Buron v. Occupational Health Centers of California*, Ventura County Superior Court, 31-2021-00026852-CU-WT-CTL (December 20, 2023) (award of $1,560,000 in pain and suffering to employee terminated for retaliation for taking a protected leave).

//

7

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332

28.    Therefore, Plaintiff's claimed emotional distress damages alone are likely to satisfy the amount in controversy requirement for removal.

### 3.    Attorneys' Fees

29.    Plaintiff also seeks an award of attorneys' fees.  Exhibit A, Complaint, ¶¶ 39, 45, 51, 60, 66, 75; Prayer ¶ 4.  Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction.  *Galt G/S*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Haase*, 2009 WL 3368519, at *5 ("because attorney's fees are expressly authorized by statute, such fees may be included in determining the amount in controversy").

30.    The Court must consider all attorneys' fees that at the time of removal can reasonably be anticipated will be incurred over the life of the case.  *See Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles Fritsch to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy.").

31.    In employment cases, fee awards alone normally eclipse the $75,000 amount in controversy requirement for diversity jurisdiction.  *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (ND. Cal. 2002) ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages"); *see also Akers v. Cnty. of San Diego*, 95 Cal. App. 4th 1441, 1445 (2002) (affirming "$249,345 in attorney fees" in gender discrimination case); *Equal Emp't Opportunity Comm'n v. Albion River Inn, Inc.*, No. 060V05356 (SI), 2008 WL 928368 (N.D. Cal. 2008) (awarding $75,000 in attorneys' fees in a single plaintiff case).  "In estimating future attorneys' fees, district courts may likewise rely on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Fristsch*, 899 F.3d at 795 (internal quotation marks and citation omitted). As other courts have noted, employment actions often "require substantial effort from counsel." *Id*.

32.    Courts throughout the Ninth Circuit have awarded attorneys' fees to a prevailing plaintiff in employment cases north of $300 per hour. For example, the United States District Court

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332

for the Northern District of California awarded attorneys' fees to a prevailing plaintiff asserting employment claims of $550 per hour (for an attorney with 20 years' experience) and $350 (for an attorney with 7 years' experience). *See Andrade v. Arby's Rest. Grp., Inc.*, 225 F. Supp. 3d 1115, 1144 (N.D. Cal. 2016) (awarding over $42,000 in attorneys' fees for a default judgment). In the United States District Court for the Central District of California, a court considered $300 per hour and 100 hours expended to be a conservative estimate of attorneys' fees sought for purposes of removal, noting that employment claims require "substantial effort" from counsel resulting in fees that often exceed damages. *Garcia v. Ace Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *3–5 (C.D. Cal. May 30, 2014).

33.    Defendant anticipates that the parties will propound written discovery, that depositions will be taken in this case, and that ultimately Defendant will file a Motion for Summary Judgment. Preparing for and responding to these actions alone is likely to trigger significant attorneys' fees. Therefore, if Plaintiff is successful on any claim, Plaintiff could be entitled to an award of attorneys' fees that itself would "more likely than not" exceed $75,000, as is typical in employment discrimination cases.

### 4.    Punitive Damages

34.    Additionally, Plaintiff has pled for the recovery of punitive damages to deter and punish Defendants' allegedly unlawful conduct. Exhibit A, Complaint, ¶¶ 38, 44, 50, 59, 65, 74; Prayer ¶ 2. The Court must consider Plaintiff's request for punitive damages in determining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action"); *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) (where authorized, punitive damages are considered as part of the amount in controversy in meeting the prerequisite for diversity jurisdiction). Moreover, for amount in controversy purposes, the court must conclude that Plaintiff will prevail on her claim for punitive damages. *See Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy includes potential recovery of punitive damages award).

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332

35.    Punitive damages may be substantial and in some cases even exceed the amount of compensatory damages. *See Carter v. CB Richard Ellis*, 2001 WL 34109371 (Orange County Superior Court, No. 816619) ($600,000 award of punitive damages in discrimination case).  In fact, courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged wrongful termination cases.  *See, e.g.*, *Leggins v. Thrifty Payless Inc. D/B/A Rite Aid Corporation*,  2015 Jury Verdicts LEXIS 7889 (Los Angeles County Superior Court, No. BC511139) (awarding $5,000,000 in punitive damages in case involving claims of age, disability and race harassment, discrimination, retaliation and wrongful termination, among other things); *Lopez v. Bimbo Bakeries USA, Inc*., 2007 WL 1765192 (San Francisco Superior Court, No. CGC-05-445104) (awarding $2,340,700 to former delivery driver claiming employer terminated her because of her disability leave); *McCray v Westrock Servs. LLC*, *supra*, 2023 WL 8642072 ($5,451,000 in punitive damages on $4,010,000 award).

36.    Further, in *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2004), the United States Supreme Court held that the longstanding historical practice of setting punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is "instructive," and that "single-digit multipliers are more likely to comport with due process." *Id*. at 425.

37.    Here, Plaintiff is alleging, in short, that Defendants committed multiple FEHA violations, including disability discrimination, harassment, and retaliatory termination. Exhibit A, Complaint, passim. Therefore, in addition to Plaintiff's compensatory and emotional distress damages discussed above, and from a conservatively measured standpoint, Plaintiff's prayer for punitive damages all but ensures that the amount in controversy exceeds $75,000 — regardless of whether Defendant asserts that it had one or more legitimate non-discriminatory and/or non-retaliatory reasons for its actions. *See Haase v. Aerodynamics Inc.*, No. 2:09-cv-01751-MCE- GGH, 2009 WL 3368519, at *3-4 (E.D. Cal. 2009) (finding that even a minimum award of punitive damages would satisfy the jurisdictional requirement).

//

//

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332

### 5. Summary of Amount in Controversy

38. As demonstrated above, Plaintiff seeks past and future earnings in an amount that is more likely than not to exceed this Court's $75,000 jurisdictional threshold. Additionally, Plaintiff's emotional distress damages, attorneys' fees, and punitive damages (if awarded) are all more likely than not to each exceed jurisdictional threshold as well. Combined then, the amount in controversy far exceeds $75,000, exclusive of interest and costs.

### IV. VENUE

39. Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 84(c). This action was originally filed by Plaintiff in the Alameda County Superior Court. That court is located within the boundaries of the Northern District of California. Therefore, removal to this Court is proper pursuant to 28 U.S.C. § 84(c) as it is within the "district embracing the place where [the] action is pending." 28 U.S.C. § 114(a).

### V. SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

40. In accordance with United States Code, Title 28, Section 1446(a), **Exhibits A and B** constitute a copy of all processes, pleadings, and orders either served upon or by Defendant. As required by United States Code, Title 28, Section 1446(b), the Notice of Removal was filed within 30 days after Defendant was served with Plaintiff's Complaint. As required by United States Code, Title 28, Section 1446(d), Defendant will provide notice of this removal to Plaintiff through her attorneys of record and a copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Alameda.

### VI. CONCLUSION

41. Because this civil action is between citizens of different States and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

//

//

//

//

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332

42.    In the event this Court has a question regarding the propriety of this Notice, Defendant requests the Court set an evidentiary hearing so that it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED:  June 6, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Eric F. Della Santa*
      Anthony DeCristoforo
      Eric F. Della Santa

Attorneys for
SAFELITE FULFILLMENT, INC. (erroneously sued as SAFELITE FULFILLMENT INC.)

12

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332

62541976.v1-OGLETREE